# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. CR22-4069-LTS |
| vs. | | |
| DEVONTA COBBS, | | **ORDER ON REPORT AND RECOMMENDATION** |
| Defendant. | | |

## I.  INTRODUCTION

This matter is before me on a Report and Recommendation (R&R) in which Chief United States Magistrate Judge Kelly K.E. Mahoney recommends that I grant in part and deny in part defendant Devonta Cobbs' motion (Doc. 26) to suppress evidence and request for a *Franks*[1] hearing.  Doc. 67.  Cobbs filed timely objections (Doc. 70) and the Government filed a notice (Doc. 71) of no objection to the R&R.

## II.  BACKGROUND

### A.  *Procedural History*

On September 13, 2022, the Grand Jury returned an indictment charging Cobbs with possession of a firearm by a drug user, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).  Cobbs filed his motion (Doc. 26) to suppress and request for a *Franks* hearing on December 16, 2022.  The Government filed a response (Doc. 31) and Cobbs filed a reply (Doc. 37).  Judge Mahoney held a hearing on March 23, 2023.  Doc. 50.  The Government presented testimony from Joshua Tyler and Paul Yaneff, and Judge Mahoney admitted Defense Exhibits A through P.  *Id.*  Judge Mahoney filed the R&R on May 26,

---

[1] *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

2023. Doc. 67. Cobbs then filed his objections (Doc. 70) and the Government filed its notice of no objection. Trial is scheduled to begin October 16, 2023.

**B.**    ***Relevant Facts***

Cobbs does not object to the following factual summary, as set forth in the R&R:

> Law enforcement began investigating Cobbs in conjunction with a shooting that occurred on May 14, 2022. On that date, Sioux City Police Department Sergeant Joshua Tyler spoke with the victim of the shooting, Jordan Hills, and learned of Cobbs's and Vince Verzani's possible involvement in the shooting. When Sergeant Tyler happened to see Cobbs and Verzani at a birthday party later that day while off duty, he alerted other officers and left the party to conduct surveillance. Ultimately, Cobbs and Verzani left the party in separate vehicles, and Sergeant Tyler conducted a traffic stop of Verzani and directed other officers to stop Cobbs.
>
> Sioux City Police Officer Casey McBride pulled Cobbs over without knowing the reason for the stop. Several other officers arrived on the scene, including Sioux City Police Department Sergeant Paul Yaneff. Cobbs was detained for about thirty minutes without being informed of the reason for the stop. Sergeant Tyler ultimately directed officers to transport Cobbs to the police station downtown for questioning. Law enforcement conducted a *Terry* pat-down of Cobbs's person and searched his car, seizing two cell phones and a .40-caliber Glock firearm.
>
> A few weeks later, law enforcement obtained a search warrant for Cobbs's residence and cell phones. *See* Def. Ex. E, G. The affidavits in support of the warrants included information from Verzani's May 2022 interview with law enforcement (conducted after Cobbs was taken to the police station for questioning); as well as a later interview with Victor Howard, who said that he had sold a 10mm caliber Glock firearm to Cobbs with Verzani present (the casings recovered on the scene of the shooting were consistent with a 10mm caliber firearm).
>
> I held a hearing on the suppression motion on March 23, 2023, at which Sergeants Tyler and Yaneff testified. Doc. 50. I also admitted the following exhibits under seal:

- Defendant's Exhibit A – Officer McBride's police report;
- Defendant's Exhibits B and D – Pictures of traffic stop;
- Defendant's Exhibit C – Sergeant Tyler's police report;
- Defendant's Exhibit E – Search warrant for Cobbs's residence;
- Defendant's Exhibit F – Police report related to seizing the .40 caliber Glock from Cobbs's car;
- Defendant's Exhibit G – Search warrant for Cobbs's cell phones;
- Defendant's Exhibit H – Property information sheet related to items seized in May 2022;
- Defendant's Exhibits I and P – Excerpts of video recordings of Sergeant Tyler's May 2022 interview with Verzani;
- Defendant's Exhibit J – Video recording of Sergeant Tyler's interview with Victor Howard;
- Defendant's Exhibit K – Video recording from Officer McBride's body camera;
- Defendant's Exhibit L – Police report of officer on the scene of shooting who recovered casings consistent with the use of a 10mm caliber firearm; and
- Defendant's Exhibits M, N, and O – State-court orders related to Verzani and Howard.

Doc. 67 at 1-3 (footnote omitted).

### III. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### IV. DISCUSSION

In Section III of the R&R, Judge Mahoney recommends that I grant Cobbs' motion to suppress evidence arising from the traffic stop and resulting search of Cobbs' person and vehicle on May 14, 2022. Doc. 67 at 6-9. Specifically, she recommends suppressing the .40 caliber Glock firearm, along with evidence from the cell phones seized during that search. *Id.* at 9. Because neither party has objected to this portion of the R&R, I have reviewed it under the clearly erroneous standard. I find no error, clear or otherwise, and therefore will accept and adopt Section III of the R&R.

In Sections IV and V of the R&R, Judge Mahoney recommends (1) that I deny Cobbs' suppression motion regarding the subsequent search warrant and search of his residence and (2) that I deny Cobbs' motion for a *Franks* hearing. Doc. 67 at 9-14.

Cobbs objects to these portions of the R&R. Doc. 70 at 3-4. As such, I have conducted a de novo review of Sections IV and V.

At the outset, I note that the parties' various filings do not appear to identify any additional evidence, beyond that already suppressed, that is actually at issue with regard to Sections IV and V. In any event, based on my de novo review, I agree with and adopt Judge Mahoney's analysis and conclusions concerning the search warrant, the search of Cobbs' residence and Cobbs' request for a *Franks* hearing. As such, Cobbs' objections with regard to Sections IV and V will be overruled.

## V. CONCLUSION

For the reasons set forth herein:

1. Cobbs' objections (Doc. 70) to the Report and Recommendation (Doc. 67) are **overruled**;
2. I **accept** the Report and Recommendation (Doc. 67) **without modification**;
3. Pursuant to Judge Mahoney's recommendations, Cobbs' motion (Doc. 26) to suppress is **granted in part** and **denied in part**. As a result, the .40 caliber Glock firearm and evidence from the cell phones seized during the May 14, 2022, traffic stop and subsequent search are hereby **suppressed**.

**IT IS SO ORDERED.**
**DATED** this 18th day of July, 2023.

_____
Leonard T. Strand, Chief Judge