IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 22-CR-4069-LTS-KEM |
| vs. | **REPORT AND RECOMMENDATION** |
| DEVONTA COBBS, | |
| Defendant. | |

Defendant Devonta Cobbs moves to dismiss the indictment charging him with possession of a firearm by an unlawful drug user (marijuana), in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Docs. 3, 99. Cobbs argues that § 922(g)(3)'s prohibition on firearm possession violates the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*,[1] as drug users were not historically prohibited from possessing firearms. Defendant also argues that the prohibition on "unlawful users" possessing firearms is unconstitutionally vague in violation of the Due Process Clause. The Government resists. Doc. 100. I recommend **denying** the motion to dismiss (Doc. 99).

I previously recommended rejecting both of Cobbs's arguments in a different case.[2] Since then, the Eighth Circuit has had the opportunity to address the constitutionality of § 922(g) in the wake of *Bruen*, albeit a different subsection. In *United States v. Jackson*, the Eighth Circuit held that "there is no need for felony-by-felony

---

[1] 142 S. Ct. 2111 (2022).

[2] *United States v. Parker*, No. 22-CR-4072-LTS-KEM, 2023 WL 3596453 (N.D. Iowa Apr. 25, 2023) (report and recommendation) (collecting cases).

litigation regarding the constitutionality of" § 922(g)(1)'s prohibition on felons possessing firearms.[3] The court concluded "[h]istory shows that the right to keep and bear arms was subject to restrictions that included prohibitions on possession by certain groups of people," including based on religion, race, and politics.[4] Thus, the Eighth Circuit reasoned that Congress could bar non-law-abiding citizens from possessing firearms, as "history supports the authority of Congress to prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society."[5] Alternatively, the court held that "[l]egislatures historically prohibited possession by categories of persons based on a conclusion that the category as a whole presented an unacceptable risk of danger if armed."[6] In sum, the court held:

> [L]egislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms. Whether those actions are best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness, Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons.[7]

The historical tradition justifying the ban on felons from possessing firearms (discussed in *Jackson*) applies with equal force to the ban on illegal drug users possessing firearms. Drug users are not law-abiding, and Congress could conclude that armed drug users present an unacceptable risk of danger. District courts in this circuit have agreed that the Eighth Circuit's decision in *Jackson* compels a finding of § 922(g)(3)'s

---

[3] *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023).

[4] *Id.* at 502-03.

[5] *Id.* at 504.

[6] *Id.*

[7] *Id.* at 505.

constitutionality under *Bruen*.[8] I recommend rejecting Cobbs's Second Amendment facial challenge to § 922(g)(3).

Finally, Cobbs argues that § 922(g)(3)'s prohibition on firearm possession by "unlawful user[s] of" or those "addicted to" controlled substances is unconstitutionally vague. Cobbs's arguments are identical to those I previously addressed:

> [Cobbs] argues that § 922(g)(3) does not define "unlawful user" so that "a citizen must guess at what point he or she, after unlawfully using a controlled substance, may lawfully possess a firearm." Doc. [99-1]. [Cobbs] argues that under the Eighth Circuit Model Instructions, a jury "could [still] find that a single instance of use in the same year as possessing a firearm[] supports a finding of guilt" and that "[w]ithout a discernable threshold" for when one becomes a user, "the statute is ambiguous and does not provide an ordinary person notice of its statutory proscriptions." *Id*.
>
> [Cobbs] does not argue that the statute makes it unclear that his particular conduct rendered him an unlawful user. . . . This court has previously recommended rejecting a facial vagueness challenge to § 922(g)(3) when the defendant did not first "demonstrat[e] that the statute is vague as applied to her particular conduct." The court relied on binding Eighth Circuit precedent that although a defendant raising a facial vagueness challenge "need not prove that § 922(g)(3) is vague in all its applications, [Eighth Circuit] case law still requires him to show that the statute is vague as applied to his particular conduct." Since the court's report and recommendation, the Eighth Circuit has reaffirmed this principle, holding "[w]hen reviewing for vagueness, we first determine if a statute is vague as applied to the defendant's conduct, and only if it is will we consider whether a statute is facially unconstitutional."

---

[8] ***United States v. Robinson***, No. 4:23-cr-40013, 2023 WL 7413088, at *4 (D.S.D. Nov. 9, 2023); ***United States v. Pruden***, No. 23-CR-42-CJW-MAR, 2023 WL 6628606, at *5 (N.D. Iowa Oct. 11, 2023); ***United States v. King***, No. 23-03004-01-CR-S-SRB, 2023 WL 6210603, at *4 (W.D. Mo. Sept. 11, 2023), *report and recommendation adopted,* 2023 WL 6200071 (Sept. 22, 2023); ***United States v. Okello***, No. 4:22-CR-40096-KES, 2023 WL 5515828, at *5 (D.S.D. Aug. 25, 2023) (to be published in the Federal Supplement, Third Series); ***United States v. Thibodeaux***, No. 1:22 CR 32 SNLJ (ACL), 2023 WL 5917711, at *4 (E.D. Mo. Aug. 25, 2023), *report and recommendation adopted,* 2023 WL 5846873 (Sept. 11, 2023); ***United States v. Striplin***, No. 4:21-cr-00289-RK, 2023 WL 4850753, at *1 (W.D. Mo. July 28, 2023) (adopting report and recommendation).

3

> [Cobbs] notes that in adopting the report and recommendation in *Stupka*, the district court "concluded that there are instances in which a facial void-for-vagueness challenge is permissible without regard to an as-applied challenge," such as "when an allegedly-vague statute impacts a fundamental right," such as First Amendment rights. [Cobbs] argues that § 922(g)(3) is unconstitutionally vague on its face as it impacts Second Amendment rights under *Bruen*. But at least two district courts post-*Bruen* have rejected this argument.[9]

Since then, several district courts in the Eighth Circuit have rejected facial void-for-vagueness challenges to § 922(g)(3) brought prior to trial.[10] Accordingly, I recommend rejecting Cobbs's facial vagueness challenge to § 922(g)(3) as premature.

I recommend **DENYING** Cobbs's motion to dismiss the indictment (Doc. 99).

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections.[11] Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.[12] Failure to object to the Report and Recommendation waives the right to de

---

[9] *United States v. Parker*, No. 22-CR-4072-LTS-KEM, 2023 WL 3596453, at *3 (N.D. Iowa Apr. 25, 2023) (footnotes omitted) (quoting *United States v. KT Burgee*, 988 F.3d 1054, 1060 (8th Cir. 2021); *United States v. Stupka*, 418 F. Supp. 3d 402, 408, 415 (N.D. Iowa 2019) (adopting report and recommendation); *United States v. Bramer*, 832 F.3d 908, 909 (8th Cir. 2016) (per curiam)).

[10] *See Robinson*, 2023 WL 7413088, at *5; *Okello*, 2023 WL 5515828, at *5-6; *Thibodeaux*, 2023 WL 5917711, at *5.

[11] **LCrR 59**.

[12] *See* **Fed. R. Crim. P. 59**.

novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[13]

**DATED** November 21, 2023.

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

[13] *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).