# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR22-4069-LTS |
| vs. | |
| DEVONTA COBBS, | **ORDER ON REPORT AND RECOMMENDATION** |
| Defendant. | |

This matter is before me on a Report and Recommendation (R&R) in which the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, recommends that I deny Devonta Cobbs' motion (Doc. 99) to dismiss the indictment pursuant to *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). *See* Doc. 101. Cobbs has filed objections (Doc. 102).

## I.  BACKGROUND

On September 13, 2022, the grand jury returned an indictment (Doc. 2) charging Cobbs with one count of possession of a firearm by a drug user in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). On November 3, 2023, Cobbs filed a motion (Doc. 99) to dismiss the indictment on two grounds: (1) the language of § 922(g)(3) is unconstitutionally vague and (2) the lack of an historical tradition of firearm regulation consistent with § 922(g)(3) under the Supreme Court's *Bruen* analysis. Doc. 99-1 at 4, 11. The Government filed a resistance (Doc. 100).

Judge Mahoney issued her R&R (Doc. 101) on November 21, 2023. Cobbs filed objections (Doc. 102) and the Government filed a response (Doc. 103). Trial is scheduled for January 22, 2023.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.  THE R&R

Judge Mahoney addressed Cobbs' arguments that (1) § 922(g)(3)'s prohibition on firearm possession is facially unconstitutional in light of *Bruen* and (2) § 922(g)(3) is unconstitutionally vague.  Doc. 101 at 2, 3.

In *Bruen*, the Supreme Court held that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct" and that the "government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."  *Bruen*, 597 U.S. at 24.  Although it addressed a different subsection of § 922(g), Judge Mahoney found the Eighth Circuit's reasoning in *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023), to be instructive.  In *Jackson*, the Eighth Circuit stated that, "there is no need for felony-by-felony litigation regarding the constitutionality of" § 922(g)(1)'s prohibition on felons possessing firearms.  *Id*. at 502.  Rather, the court found that "Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons."  *Id*. at 501-02, 505-06.

The court further concluded that "[h]istory shows that the right to keep and bear arms was subject to restrictions that included prohibitions on possession by certain groups of people," including non-law-abiding citizens.  *Id*. at 501-04.  This conclusion "was bolstered by the Supreme Court's repeated statements in *Bruen* that the Second Amendment protects the right of the 'law-abiding citizen' to keep and bear arms."  *Id*. at 503 (quoting *Bruen*, 597 at 71).  Judge Mahoney applied the Eighth Circuit's rationale to find that the "historical tradition justifying the ban on felons from possessing firearms. . . applies with equal force to the ban on illegal drug users possessing firearms."  Doc. 101 at 2.  Judge Mahoney also noted several decisions by the district courts in the Eighth Circuit upholding the constitutionality of § 922(g)(3) following *Bruen*.  *Id*. at 2-3.  As such, she recommends that Cobbs' facial challenge be denied.

With regard to Cobbs' argument that § 922(g)(3) is unconstitutionally vague, Judge Mahoney recommends denial as premature.  *Id*. at 3-4.  Relying on her previous analysis

3

of the same argument in *United States v. Parker*, No. 22-cr-4072, 2023 WL 3596453, at *3 (N.D. Iowa Apr. 25, 2023), and my decision in *United States v. Stupka*, 418 F. Supp. 3d 402, 412-13 (N.D. Iowa 2019), Judge Mahoney concluded that absent a showing of vagueness as-applied, a facial vagueness challenge to § 922(g)(3) cannot be sustained. Doc. 101 at 3 (citing *Parker*, 2023 WL 3596453, at *3). Because Cobbs did not assert, and cannot assert, an as-applied challenge until resolution of the factual issues following trial, *see United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016), Judge Mahoney recommends denial of Cobbs' facial vagueness challenge. Doc. 101 at 3.

## IV. DISCUSSION

Cobbs filed objections (Doc. 102) to the R&R and reincorporates his arguments as stated in his motion to dismiss. The Government's response (Doc. 103) reincorporates the arguments set forth in its resistance.

### A. *Post-*Bruen *Facial Challenge to § 922(g)(3)*

Cobbs objects to Judge Mahoney's conclusion that § 922(g)(3) is consistent with the Nation's traditional regulation of firearm possession and, as a result, his challenge to § 922(g)(3) should be denied. Cobbs argues there are no "'distinctly similar' regulations from the founding," or any historic analogues, to § 922(g)(3). Doc. 99-1 at 14. In the absence of such historical analogue, Cobbs argues § 922(g)(3) violates his Second Amendment rights under *Bruen*.

Cobbs cites caselaw from outside this circuit to argue that "the blanket prohibition on firearm possession by those who are unlawful users of or addicted to a controlled substance is unconstitutional under the Supreme Court's *Bruen* analysis." Doc. 99-1 at 11 (citing *United States v. Harrison*, 654 F. Supp. 3d 1191, 1195 (W.D. Okla. 2023) (finding § 922(g)(3) does not have historical roots)). In its response, the Government argues that "the majority of district courts to address the issue, including this court, have held that § 922(g)(3) is not facially unconstitutional, relying on the same history

4

supporting bans on felons from possessing firearms, as well as early laws prohibiting intoxicated persons from carrying firearms." Doc. 100 at 4 (quoting *Parker*, 2023 WL 3596453, at *3). Moreover, the Government argues that the Eighth Circuit's ruling in *United States v. Seay*, 620 F.3d 919, 925 (8th Cir. 2010), issued before the Supreme Court's ruling in *Bruen*, remains binding.

In *Seay*, the Eighth Circuit upheld the constitutionality of § 922(g)(3), finding it had "the same historical pedigree as other portions of § 922(g)." *Id.* The Government contends that "nothing in *Bruen* expressly repudiates the holding of *Seay*." Doc. 100 at 5 (quoting *United States v. Pruden*, No. 23-cr-42, 2023 WL 6628606, at *4 (N.D. Iowa Oct. 11, 2023) (quoting *United States v. Le*, No. 4:23-cr-00014, 2023 WL 3016297, at *2 (S.D. Iowa Apr. 11, 2023))). Thus, the Government asserts that *Bruen* should not "be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Bruen*, 597 U.S. at 81 (Kavanaugh, J., concurring) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). The Government argues that unless the Eighth Circuit overrules *Seay*, its conclusion that § 922(g)(3) is facially valid should be applied to deny Cobbs' motion to dismiss. Doc. 100 at 5 (citing *Pruden*, 2023 WL 6628606, at *4).

I find Cobbs' facial challenge to the constitutionality of § 922(g)(3) must fail for two reasons. First, I agree with the Government that *Seay* is still binding on this court. *See Pruden*, No. 23-cr-42, 2023 WL 6628606, at *4; *United States v. Cooper*, No. 23-CR-2040, 2023 WL 6441943, at *4 (N.D. Iowa Sept. 29, 2023); *United States v. Grubb*, No. 23-CR-1014, 2023 WL 5352000, at *4 (N.D. Iowa Aug. 21, 2023); *see also Gilpin v. United States*, Civil No. 22-04158, 2023 WL 387049, at *4 (W.D. Mo. Jan. 3, 2023) (denying § 2255 motion challenging post-*Bruen* constitutionality of 922(g)(3)), *appeal filed*, No. 23-1131 (8th Cir. Jan. 24, 2023).

Second, regardless of whether *Seay* remains binding after *Bruen*, § 922(g)(3) withstands Cobbs' constitutional challenge. As the Eighth Circuit explained in *Jackson*, *Bruen* reaffirmed that the right to keep and bear arms is still "subject to certain

5

reasonable, well-defined restrictions," and *Bruen* "did not disturb those statements or cast doubt on the prohibitions." *Jackson*, 69 F.4th at 501 (quoting *Bruen*, 597 U.S. at 70 (citing *Heller*, 554 U.S. at 581)). Although Jackson addressed the constitutionality of § 922(g)(1) as-applied, the Eighth Circuit's reasoning can be applied to Cobbs' facial challenge to § 922(g)(3).

In *Jackson*, after setting forth a lengthy history, the Eighth Circuit stated that "legislatures traditionally possessed discretion to disqualify categories of people from possessing firearms to address a threat purportedly posed by these people 'to an orderly society and compliance with its legal norms,' not merely to address a person's demonstrated propensity for violence." *Jackson*, 69 F.4th at 503 (quoting *Range v. Att'y Gen.*, 53 F.4th 262, 282 (3d Cir. 2022)). The court concluded that "legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms," including "persons who deviated from legal norms." *Jackson*, 69 F.4th at 505.

In reaching its conclusion, the court cited *United States v. Bena*, 664 F.3d 1180, 1183-84 (8th Cir. 2011). *Jackson*, 69 F.4th at 504. Although issued prior to *Bruen*, *Bena* upheld the constitutionality of § 922(g)(8), which prohibits the possession of firearms by a person subject to a domestic violence restraining order. In *Bena*, the Eighth Circuit conducted a thorough historical analysis and concluded there was "a common-law tradition that permits restrictions directed at citizens who are not law-abiding and responsible." *Bena*, 664 F.3d at 1183. The court cited *Seay* to demonstrate that "§ 922(g)(3) was the type of 'longstanding prohibition[] on the possession of firearms' that *Heller* declared presumptively lawful." *Id. (*citing *Seay*, 620 F.3d at 925 (quoting *Heller*, 554 U.S. at 626)). As the Eighth Circuit recognized in *Bena*, and again in *Jackson*, certain categories of non-law-abiding citizens have historically been disqualified from possessing firearms. Thus, barring unlawful drug users who pose a danger to society is consistent with the history of firearm regulation at the time the Second Amendment was adopted.

6

Numerous other district courts, including several in this circuit, have rejected post-*Bruen* facial challenges to the constitutionality of § 922(g)(3). *See, e.g.*, *United States v. Robinson*, No. 4:23-cr-40013, 2023 WL 7413088, at *4 (D.S.D. Nov. 9, 2023); *United States v. Okello*, No. 4:22-CR-40096, 2023 WL 5515828, at *5 (D.S.D. Aug. 25, 2023); *United States v. Thibodeaux*, No. 1:22 CR 32, 2023 WL 5917711, at *4 (E.D. Mo. Aug. 25, 2023); *United States v. Striplin*, No. 4:21-cr-00289, 2023 WL 4850753, at *1 (W.D. Mo. July 28, 2023), *report and recommendation adopted*, 2023 WL 4853744; *United States v. Walker*, No. 8:22-CR-291, 2023 WL 3932224, at *5 (D. Neb. June 9, 2023); *United States v. Sanchez*, 646 F. Supp. 3d 825, 829 (W.D. Tex. 2022); *United States v. Danielson*, No. 22-cr-299, 2023 WL 5753621, at *8-9 (D. Minn. June 2, 2023) (collecting cases). As Cobbs notes, the Western District of Oklahoma reached the opposite conclusion in *Harrison*. Whether or not *Seay* remains binding on this court, I respectfully disagree with the narrow view that the *Harrison* court, and certain other district courts, have taken of the historic precedent of firearm regulation for unlawful citizenry. I therefore find that Cobbs' facial challenge to § 922(g)(3) fails, even in light of *Bruen*. This objection is overruled.

### B.  *Facial Vagueness Challenge to § 922(g)(3)*

Cobbs also objects to Judge Mahoney's conclusion that his § 922(g)(3) unconstitutionally vague challenge fails as premature. Doc. 102 at 1. Cobbs argues § 922(g)(3) is unconstitutionally vague in violation of his Fifth Amendment Due Process rights. Doc. 99-1 at 4. He argues § 922(g)(3) fails to define the terms "addict" and "user" and has no "discernable threshold" for when an individual becomes an "unlawful user" or "addict." *Id.* at 5-7. Cobbs asserts that due to these ambiguities, § 922(g)(3) fails to provide an individual with Constitutional notice of when their unlawful behavior begins or ends. *Id.* at 10.

In *Stupka*, after determining that facial void-for-vagueness challenges were permissible in some instances without the need to establish an as-applied challenge, I

7

determined that the defendant's challenge to § 922(g)(3) was not one of them. *Stupka*, 418 F. Supp. 3d at 412. Rather, such challenges are permissible only if: (1) a vague law impacts First Amendment or other fundamental rights or (2) a law is vague because it lacks sufficiently clear guidelines in a way that poses a high risk of arbitrary enforcement. *Id.* at 411-12.

Section 922(g)(3) does not implicate either concern. First, § 922(g)(3) does not infringe upon a fundamental right, because the "possession of firearms by certain parties, such as felons, has been found to be outside the constitution's protections." *Id.* at 412. The Eighth Circuit's opinion in *Jackson* reaffirms its conclusion that *Bruen* "did not disturb those statements or cast doubt on the prohibitions" previously articulated by the court. *Jackson*, 69 F.4th at 501 (citing *Heller*, 554 U.S. at 626; *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (plurality opinion)). Therefore, a facial review is not warranted due to § 922(g)(3)'s potential infringement on a fundamental right. Second, § 922(g)(3) does not "pose the type of arbitrary enforcement concerns" warranting facial review. *Stupka*, 418 F. Supp. 3d at 412.

Cobbs may not present a facial vagueness challenge unless he shows § 922(g)(3) is unconstitutional as applied to him. *Id.* at 413 (citing *United States v. Bramer*, 832 F.3d 908, 909-10 (8th Cir. 2016) (holding defendant must show the statute is vague as-applied before he can succeed on a facial challenge)); *see also Robinson*, 2023 WL 7413088, at *5 (reserving decision on as-applied challenge until factual determinations are made following trial); *Thibodeaux*, 2023 WL 5917711, at *5 (same); *Walker*, 2023 WL 3932224, at *2-3 (declining to consider a facial challenge to § 922(g)(3) until a determination on the as-applied challenge); *Striplin*, 2023 WL 4853744, at *8-9 (declining to follow *United States v. Morales-Lopez*, No. 2:20-cr-00027, 2022 WL 2355920 (D. Utah June 30, 2022) and relying on *Bramer* to deny the facial challenge to §922(g)(3)).

Cobbs does not argue, and has not shown, that either the term "addict" or the term "user" is vague as applied to his alleged conduct of possessing firearms while being an

8

unlawful user of marijuana. As such, I agree with Judge Mahoney that Cobbs' motion to dismiss on grounds that the statute is unconstitutionally vague on its face must be denied as premature. Cobbs' objections are overruled.

## V. CONCLUSION

For the reasons stated herein:

1. Defendant Devonta Cobbs' objections (Doc. 102) to the Report and Recommendation (Doc. 101) are **overruled**.

2. I **accept** the Report and Recommendation **without modification**.

3. In accordance with the Report and Recommendation, Cobbs' motion (Doc. 99) to dismiss the indictment is **denied.**

**IT IS SO ORDERED.**

**DATED** this 12th day of December, 2023.

_____
Leonard T. Strand, Chief Judge